JM:JPN/WMP
F.#2012R00036

JAN 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DEBBIE RICCI-URGO,

            Defendant.

I N F O R M A T I O N

Cr. No. 12-031 (CBA)
(T. 18, U.S.C., §§ 371,
981(a)(1)(C) and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - - - -X

THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

#### The Defendant and the Great Atlantic Group

1. The Great Atlantic Group, Inc. (the "Great Atlantic Group") was a real estate and financial consulting firm located in Staten Island, New York. It consisted of a number of divisions and related companies, including Third Millennium Enterprises, Inc. ("Third Millennium") and 150 West State Street Corp. ("150 West State Street"). Joseph Mazella was the founder and President of the Great Atlantic Group and controlled the operations of Third Millennium and 150 West State Street.

2. The defendant DEBBIE RICCI-URGO worked at the Great Atlantic Group as an office manager.

2

3. Third Millennium and 150 West State Street purportedly invested in real estate projects and provided private mortgages. Joseph Mazella, the defendant DEBBIE RICCI-URGO and others solicited investments in Third Millennium and 150 West State Street from investors, including Great Atlantic Group clients. The conspirators told the investors that they would invest the investors' money in real estate projects, including projects in Trenton, New Jersey, a warehouse in Utica, New York and a golf course development project. The conspirators also told investors that they would invest the investors' money in private mortgages on commercial and industrial properties.

4. The conspirators encouraged some investors to obtain mortgages on their homes and to invest the mortgage proceeds with Third Millennium or 150 West State Street. The conspirators encouraged other investors, who were senior citizens, to obtain reverse mortgages on their homes and to invest the reverse mortgage proceeds with Third Millennium or 150 West State Street.

The Fraudulent Scheme

5. By approximately January 2007, the properties in which Third Millennium and 150 West State Street held any ownership or mortgage interest were not generating any significant revenue. Many of the properties were abandoned and in various states of disrepair, and the property taxes owed on

many of those properties had fallen into arrears. Despite this, the conspirators falsely represented to investors that the investments with Third Millennium and 150 West State Street were safe and distributed materials which created the false impression that the properties in which Third Millennium and 150 West State Street held an ownership or mortgage interest were generating revenue.

6. Starting in approximately January 2007, Joseph Mazella operated 150 West State Street and Third Millennium as a Ponzi scheme, whereby he paid interest and principal distributions to investors from existing investors' deposits or money paid by new investors, instead of from profits earned on real estate investments.

7. In or about and between January 2007 and January 2011, investors invested a total of approximately $12 million in Third Millennium and 150 West State Street. As of December 2010, the combined closing bank balances for the accounts associated with Third Millennium and 150 West State Street was less than $15,000.

CONSPIRACY TO COMMIT SECURITIES FRAUD

8. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as though fully set forth in this paragraph.

9. In or about and between January 2007 and January 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEBBIE RICCI-URGO, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of investments in Third Millennium and 150 West State Street, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

10. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant DEBBIE RICCI-URGO, together with others, committed and caused to be committed, among others, the following:

## OVERT ACT

a. On or about October 13, 2010, in response to an investor's query about the status of his investment, the defendant DEBBIE RICCI-URGO sent an email to the investor stating that "everything is ok at the moment."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

11. The United States hereby gives notice to the defendant DEBBIE RICCI-URGO that, upon conviction of the offense alleged in this Information, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to, a sum of money representing the amount of gross proceeds obtained as a result of the offense.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

6

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2012R00036

FORM DBD-34

JUN. 85

No. *12 CR 031 (CBA)*

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*DEBBIE RICCI-URGO,*

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371, 981(a)(1)(C) and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*John P. Nowak, Assistant U.S. Attorney (718-254-6097)*
*Winston M. Paes, Assistant U.S. Attorney (718-254-6023)*